UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOSHIHIRO OSAKO,<br><br>Plaintiff,<br><br>v.<br><br>PH SERVICES LLC, d/b/a<br>Crowne Plaza Hotel, et al.,<br><br>Defendants. | Case No. C11-916-RSL-JPD<br><br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, appearing *pro se* and *in forma pauperis* ("IFP") in the above-entitled action, has filed a motion for court-appointed counsel. Dkt. 6. This motion was referred to the undersigned by the Honorable Robert S. Lasnik on July 19, 2011. After careful consideration of the complaint, the motion for court-appointed counsel, the governing law, and the balance of the record, the Court finds that venue is improper, and recommends that this case be TRANSFERRED to the United States District Court for the District of Oregon, and that plaintiff's motion for court-appointed counsel be DENIED as moot, with leave to request this relief after transfer.

## II.    FACTS AND PROCEDURAL HISTORY

On June 9, 2011, plaintiff filed the complaint in this case, along with a motion to proceed IFP. Dkt. 4. This Court granted plaintiff's IFP motion on the same date. Dkt. 3.

REPORT AND RECOMMENDATION
PAGE - 1

1   However, a volunteer who assisted plaintiff in preparing and submitting a letter to the Court
2   requested that the Court delay service of the complaint on defendants, because of plaintiff's
3   cultural and language barriers and his lack of counsel. Dkt. 5. On July 13, 2011, plaintiff filed
4   his motion for court-appointed counsel. Dkt. 6. On July 19, 2011, Chief Judge Lasnik referred
5   plaintiff's motion to the undersigned. Dkt. 7.

6   Plaintiff's complaint alleges that in June 2008, plaintiff's daughter was found dead in a
7   hotel room at the Crowne Plaza Hotel located in Portland, Oregon. Dkt. 4 at 3. Plaintiff
8   argues that his daughter's death was "made to look like a suicide and was not investigated by
9   [the] Portland Police Bureau." *Id*. Additionally, plaintiff asserts that hotel employees aided
10  and abetted the alleged murderers in violation of 18 U.S.C. § 2 by "destroying evidence,
11  withholding evidence, misleading the police, and otherwise providing ample time and
12  opportunity for the homicide and its subsequent cover-up." *Id*. at 4. Moreover, plaintiff
13  contends that the Portland Police Bureau and the Portland Medical Examiner's Office
14  "participated in the cover-up of the crime and continue to stonewall [plaintiff] as he pleads for
15  withheld police reports, the rest of the medical examiner['s] photos, and their assistance in an
16  investigation." *Id*. Finally, plaintiff contends that all defendants have treated him with such
17  rudeness and indifference based on his "social status and ethnicity" that they have deprived
18  plaintiff of his civil rights. *Id*.

19                    III.    DISCUSSION
20       A.     Improper Venue

21  A civil action wherein jurisdiction is founded only on diversity of citizenship may,
22  except as otherwise provided by law, be brought *only* in (1) a judicial district where any
23  defendant resides, if all defendants reside in the same State, (2) a judicial district in which a
24  substantial part of the events or omissions giving rise to the claim occurred, or a substantial
25  part of property that is the subject of the action is situated, or (3) a judicial district in which any
26  defendant is subject to personal jurisdiction at the time the action is commenced, if there is no

REPORT AND RECOMMENDATION
PAGE - 2

1   district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(a) (emphasis
2   added).

3         Here, subsection (1) would require the action to be brought in the District of Oregon
4   because all but one of the named defendants either reside or conduct business in the State of
5   Oregon, not the State of Washington.[1]  Although plaintiff has named one defendant who
6   resides in Indonesia, it appears that this defendant may also be haled into court in Oregon
7   because of his alleged involvement in a substantial part of the events occurring in Oregon that
8   give rise to plaintiff's claims.  Furthermore, subsection (2) would also require this action to be
9   brought in the District of Oregon because all of the events, including all witnesses,
10  investigations, reports, and additional evidence giving rise to the claims in plaintiff's complaint
11  occurred in Oregon, not Washington.  Finally, because this action can be brought in Oregon,
12  subsection (3) does not apply, and the Court need not determine if this Court has personal
13  jurisdiction over any of the defendants. Accordingly, venue is not proper in the United States
14  District Court for the Western District of Washington.

15        Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed
16  a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of
17  justice, transfer such case to any district or division in which it could have been brought."
18  Because the majority of defendants in this case reside in Oregon, and most importantly,
19  because all of the acts or omissions giving rise to plaintiff's claims occurred in Oregon, this
20  action should have been brought in the United States District Court for the District of Oregon.
21  The Court finds that a transfer to the United States District Court for the District of Oregon is
22  in the interest of justice.

---

[1] Specifically, PH Services, LLC doing business as Crown Plaza Hotel, Zygmunt Lopuszynski, Scotty J. Larkin, John Doe, Tom Chappelle, John Does, the Medical Examiner's Office, Officer Rodney Murdoch, the Portland Police Bureau, and other Portland Oregon John or Jane Does reside or conduct business in the State of Oregon.

REPORT AND RECOMMENDATION
PAGE - 3

1       B.    <u>Motion for Appointment of Counsel</u>

2       Plaintiff, who is a Japanese citizen with a permanent residence visa, indicated in his motion for appointment of counsel that he has "contacted more than six attorneys" and that his "cultural barriers are an issue" in his obtainment of private counsel. Dkt. 6 at 2. Plaintiff also claims that he has retained the assistance of a volunteer since November 2010 to assist him in finding counsel to represent him, but "those she contacted declined." *Id*.

      There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding IFP, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

      As mentioned above, the United States District Court for the District of Oregon is the proper venue for this action. Accordingly, it would be improper for this Court to find that exceptional circumstances in this case support an appointment of counsel at this time. In light of the impending transfer of this action, the Court DENIES the motion for court-appointed counsel from the record as moot. Upon transfer of this case to the United States District Court for the District of Oregon, the Court reminds plaintiff that he may file another motion for court-appointed counsel.

//
//
//
//
//

REPORT AND RECOMMENDATION
PAGE - 4

IV.    CONCLUSION

For all of the foregoing reasons, the Court RECOMMENDS that this case be TRANSFERRED to the United States District Court for the District of Oregon, and that plaintiff's motion for court-appointed counsel be DENIED as moot. Plaintiff may reapply after the transfer. A proposed order accompanies this Report and Recommendation.

DATED this 26th day of July, 2011.

JAMES P. DONOHUE
United States Magistrate Judge