IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

YOSHIHIRO OSAKO,                                    No. 03:11-CV-1147-HZ

              Plaintiff,                     OPINION & ORDER

     v.

PH SERVICES LLC, d/b/a Crowne Plaza
Hotel, ZYGMUNT LOPUSZYNSKI,
General Manager, Crowne Plaza Hotel,
SCOTTY J. LARKIN, Engineering
Supervisor, Crowne Plaza Hotel, DENNIS
KOSASIH, JOHN DOE, TOM CHAPPELLE,
Medical Examiner, Multnomah County,
OFFICER RODNEY MURDOCK, Portland
Police Bureau,

              Defendants.

HERNANDEZ, District Judge:

Plaintiff, appearing pro se and in forma pauperis ("IFP"), has filed a motion for appointment of counsel.  Dkt. #12.  For the reasons set forth below, I deny the motion.

## BACKGROUND

This case was transferred here from the Western District of Washington because of improper venue.  Dkt. #10.  In his opinion explaining the transfer, Judge Lasnik provided a concise summary of the 15-page, single-spaced complaint,

> Plaintiff's complaint alleges that in June 2008, plaintiff's daughter was found dead in a hotel room at the Crowne Plaza Hotel located in Portland, Oregon. Plaintiff argues that his daughter's death was "made to look like a suicide and was not investigated by [the] Portland Police Bureau."  Additionally, plaintiff asserts that hotel employees aided and abetted the alleged murderers in violation of 18 U.S.C. § 2 by "destroying evidence, withholding evidence, misleading the police, and otherwise providing ample time and opportunity for the homicide and its subsequent cover-up."  Moreover, plaintiff contends that the Portland Police Bureau and the Portland Medical Examiner's Office "participated in the cover-up of the crime and continue to stonewall [plaintiff] as he pleads for withheld police reports, the rest of the medical examiner['s] photos, and their assistance in an investigation."  Finally, plaintiff contends that all defendants have treated him with such rudeness and indifference based on his "social status and ethnicity" that they have deprived plaintiff of his civil rights.

Dkt. #8, Report and Recommendation, 2 (citations omitted).

## STANDARDS

Generally, there is no constitutional right to counsel in a civil case.  United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.  Id.  "The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances."  Agyeman v.

2 - OPINION & ORDER

Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted).  To determine if exceptional circumstances exist, the court evaluates the likelihood of plaintiff's success on the merits and "plaintiff's ability to articulate his claims in light of the legal issues involved."  Id. (internal quotation omitted), cert. denied, 545 U.S. 1128 (2005).

DISCUSSION

The facts alleged in plaintiff's complaint are tragic, and I do not consider this matter lightly.  Yet, it is apparent that the likelihood of plaintiff's success on the merits is small.  Plaintiff's first claim is for wrongful death.  Compl. at 2.  In Oregon, a wrongful death claim must be brought within three years of the death.[1]  Or. Rev. Stat. § 30.020(1)(a).  The death of plaintiff's daughter was reported on June 8, 2008 and the complaint was filed on June 9, 2011–more than three years after the death.  It appears that plaintiff's wrongful death claim is likely foreclosed.[2]  Second, plaintiff cited to 18 U.S.C. §2 for his "aiding and abetting" claims against the defendant hotel employees.  Compl. at 2.  This statute concerns offenses against the United States and appears inapplicable to plaintiff's allegations.

Plaintiff has also claimed denial of civil rights and personal injury.  It is unclear from the complaint which alleged facts would support either of these claims.  For example, plaintiff states that "Due to the denial of police reports and photos, and the stonewalling by the Portland Police Bureau and the Medical Examiner's office, along with other misconduct by these offices, discriminating against a person based on his ethnicity, which deprives [plaintiff] of his civil

---

[1]Washington also requires a claim to be brought within three years.  Wash. Rev. Code Ann. § 4.16.080; Nelson v. Schubert, 994 P.2d 225, 228-29 (Wash. Ct. App. 2000).

[2]"A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.

rights[.]"  Compl. ¶31.  Although it is clear that plaintiff is alleging a deprivation of civil rights, it is unclear whether plaintiff bases his claim on the withholding of information, "other misconduct", discrimination, or all of the above.  Moreover, it is not enough to simply state that discrimination has occurred.  Plaintiff must allege the facts that form the basis for the discrimination.  Finally, it is unclear what "personal injury" plaintiff has suffered and by whom.

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003) (citing Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction")).  Moreover, in connection with IFP actions such as this one, courts are obliged to dismiss *sua sponte* actions that are frivolous or malicious, or actions that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).

For the reasons set forth above, I find that plaintiff has failed to state a claim upon which relief may be granted and thus, *sua sponte* dismissal is appropriate.  I also note that plaintiff's complaint fails to substantially comply with Rule 8, which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief".  Fed. R. Civ. P. 8(a).  If plaintiff wishes to proceed with this action, he must file an amended complaint to cure the deficiencies previously stated.

CONCLUSION

Plaintiff's motion for appointment of counsel [#12] is denied for lack of exceptional circumstances.  Furthermore, plaintiff's complaint is dismissed without prejudice for failure to

state a claim.  Plaintiff may file an amended complaint within 30 days of this order.  Plaintiff is

cautioned that failure to file an amended complaint within 30 days of this order shall result in the

dismissal of this case with prejudice.

       IT IS SO ORDERED.


               Dated this __11th____ day of October, 2011.


                       _/s/ Marco A. Hernandez_____
                       Marco A. Hernandez
                       United States District Judge

5 - OPINION & ORDER